GREY *et al.* *v.* HUDSON *et al.*

Where a bill in chancery alleged that in February, 1857, the respondent S. rented of his co-respondent H. a store-house, for the term of fourteen months, at the rate of fifty dollars per month, payable monthly; that S. took possession of the premises, and placed a stock of goods and merchandize therein, for sale; that the lease was in writing, and S. had paid H. three months' rent, when on the 26th day of May, 1857, S. being indebted to the complainants for his stock of merchandize, executed to them a bill of sale upon his stock in trade, in the form of a deed of trust, conveying to trustees therein named, the goods and merchandize in the store-house rented of H., to secure to them the payment of the sum of $1,800, in instalments, to be paid at specified times as shown by the deed, and authorizing the trustees named, on the failure of S. to pay any of the notes, or whenever they should deem it necessary to protect the interest of the payees, to take immediate possession of the goods, and sell the same, to pay the debts secured by the deed; that said deed was duly acknowledged and recorded; that on or about the 4th day of June, 1857, the said trustees took possession of said goods, under and by virtue of said deed, with a view of disposing of the same, for the benefit of the complainants; that about the 2d day of June, 1857, the said H., by false and fraudulent representations, induced the said S. to deliver up to him, to be cancelled, the lease of said store-house, and to enter into a new agreement of lease, which was by said H. fraudulently ante-dated, so as to appear to have been executed about the first of April, 1857, and by the terms of which, the rent for the whole term was made payable to said H. in advance, or at the commencement of the lease; that the object of said H. in procuring the cancellation of the first lease, and the execution of the second, was to make it appear that the rent of the whole term was payable in advance, so as to enable him to secure a lien upon the goods of S. in the store-house, for the whole amount of the rent, that would take precedence of the lien of the complainants under the deed of trust; that to carry out this purpose, the said H., on the 6th day of June, 1857, commenced a suit against said S., claiming the sum of $550.00 as due him for the rent of said store-house, and also a lien for the same, on the goods conveyed by S. for the security of complainants, in which suit a writ of attachment had been issued, and the sheriff had levied upon goods in the possession of

said trustees, to the amount of $420.00, being a portion of the goods in the said store-house, conveyed by said S. as aforesaid; that the proceedings of said H. were in fraud of the rights of complainants, under the deed of trust, as tending to diminish or take away their security for the payment of their debt, and to establish a lien on the goods conveyed for their benefit, to which the said goods were not liable; that the said S. was wholly insolvent, with no other means of paying their claim; that possession of said store-house had been surrendered to said H. in June, 1857, who had received the same; that complainants had tendered to him, two months' rent of the premises, for the months of May and June, being for all the time the same had been occupied, which he had refused to receive, and which they still offered to pay; and that the said H., by means of the suit he was prosecuting against the said S., and the writ of attachment issued therein, was endeavoring to obtain an unfair and inequitable advantage over complainants—and thereupon the bill prayed that it may be determined whether the lien of complainants upon said goods, is better than that of the said H.; that he may be enjoined from selling the said goods under the said writ of attachment, until said question is determined; that he may be directed to release the same from the said levy, and deliver up the same for the benefit of complainants; and for a discovery from the respondents in relation to the execution of the second lease; and where the said bill was demurred to, on the ground that the complainants had a full, complete and adequate remedy at law, which demurrer was sustained, and the bill dismissed; *Held*, That the facts alleged in the bill presented a proper case for the interference of a court of equity, and that the court erred in sustaining the demurrer, and dismissing the bill.

*Appeal from the Des Moines District Court.*

## SATURDAY, APRIL 10.

The petitioners allege that in February, 1857, the defendant, Strasser, rented of his co-defendant, Hudson, a store-house, for the term of fourteen months, at the rate of fifty dollars per month, payable monthly; that he took possession of the premises, and placed a stock of goods and merchandize therein, for sale; that the lease was in writing, and Strasser had paid Hudson three months' rent, when, on the 26th of May, 1857, being indebted to the plaintiff for his stock of merchandize, he executed to them a bill of sale, upon his stock in trade, in the form of a deed of trust, conveying to trustees therein named, the

goods and merchandize in the store-house rented of Hudson, to secure the payment of the sum of about eighteen hundred dollars, in instalments, to be paid at specified times, as shown by the deed, and authorizing the trustees named, on the failure of Strasser to pay any of the notes, according to the tenor of the same, or whenever they should deem it necessary to protect the interest of the payees, to take immediate possession of the goods, and sell the same to pay the debts secured by the deed; that said deed was duly acknowledged and recorded; and that on or about the 4th day of June, 1857, the said trustees took possession of the said goods, under and by virtue of said deed, with a view of disposing of the same, under the provisions of the deed, for the benefit of complainants.

The petitioners further allege, that about the 2d day of June, 1857, the said Hudson, by false and fraudulent representations, induced the said Strasser to deliver up to him, to be cancelled, the lease of said store-house, made, as aforesaid, in February, 1857, and to enter into a new agreement of lease, which was by said Hudson fraudulently ante-dated, so as to appear to have been executed April 1, 1857, and by the terms of which, the rent for the whole term, was made payable to said Hudson in advance, or at the commencement of the lease; that the object of said Hudson in procuring the cancellation of the first lease, and the execution of the second, was by making it appear that the rent for the whole term was payable in advance, to enable him to secure a lien upon the goods of defendant, Strasser, in the store-house, for the whole amount of the rent, which would take precedence of the lien of complainants under the deed of trust; and that to carry out this purpose, the said Hudson, on the 6th day of June, 1857, commenced a suit against said Strasser, in the district court, claiming the sum of five hundred and fifty dollars, as due him for the rent of said store-house, and claiming a lien for the same, on the goods conveyed by said Strasser for the security of complainants, in which suit a writ of attachment had been issued, and the sheriff had levied upon goods in the possession of said

trustees, to the amount of four hundred and twenty dollars, being a portion of the goods in the said store-house, conveyed by said Strasser, as aforesaid.

The petitioners allege that the proceedings of said Hudson, are in fraud of their rights under the said deed of trust, as tending to diminish or take away their security for the payment of their claims, and to establish a lien upon the goods conveyed for their benefit, to which the said goods are not liable; that the said Strasser is wholly insolvent, with no other means of paying their claims; that possession of said store-house had been surrendered to said Hudson, in June, 1857, who had received the same; and that complainants had tendered to him, two months' rent of the premises, for the months of May and June, being for all the time the same had been occupied, which he refused to receive, and which they still offer to pay.

The petitioners further allege, that the said Hudson, by means of the suit he is prosecuting against the said Strasser, and the writ of attachment therein issued, is endeavoring to obtain an unfair and inequitable advantage over complainants. They therefore pray that it may be determined, whether the lien of complainants upon said goods, is better than that of said Hudson; that he may be enjoined from selling or disposing of said goods, under the said writ of attachment, until said question is determined; and that he may be directed to release the same from the said levy, and deliver up the same for the benefit of complainants. The petition further prays for a discovery from defendants, in relation to the execution of the second lease.

The defendants demurred to the petition, assigning as the grounds of the demurrer, that the complainants had a full, complete, and adequate remedy at law. The court sustained the demurrer, and dismissed the complainant's bill.

*Davis J. Crocker*, for the appellants.

*First.* Defendants are charged in the bill, (as debtor and his landlord), with collusion and fraud, in attempting to divert from the trust estate of complainants, certain of their property, by means of an instrument made with the fraudulent intent of creating a lien, by the operation of law, prior to plaintiff's claim upon the trust property, and thereby cut off plaintiff's right to the same, for the use and benefit of defendants — upon which instrument or agreement of lease, collusively obtained, and fraudulently made, still colluding, defendants, (as plaintiff and defendant,) come into court, and attempt to consummate the fraud, by obtaining judgment on said fraudulent instrument, and enforcing said lein, in fraud of plaintiff's rights, by suing out attachment in said cause, and causing the same to be levied upon the property mentioned. Defendants join in a fraud upon complainants, and are joined in the action brought to develop and defeat that fraud. They unite in the wrong for a mutual advantage; and are held — properly we think — in the same conjunction, to answer for such wrong — fraudulent acts against plaintiff's rights. See Code of Iowa, 247, sections 1678, and 1679; Story's Equity Pleadings, section 271, b.; Ib., 218, 219, and 227. The district court erred, then, in holding that there is a misjoinder of parties in plaintiff's bill.

*Second.* The court erred in sustaining the position of defendant's counsel, that replevin is the proper action. Complainants not being entitled " to the present possession " of said trust property; having the equity, and not the legal title; are without that remedy at law. The principle is too well defined to admit of an argument, and the authorities all tend one way. See Code, 282, sections 1695 and 1696; 4 Bouvier's Institute, 5; 2 Greenleaf on Evidence, section 561; *Tomlinson* v. *Collins*, 20 Conn., 364; *Pierce* v. *Stevens*, 30 Maine, 184.

*Third.* Were the trustees of said property seeking the aid of chancery, instead of the *cestui que trusts*, the court would err in refusing the superior power of chancery to develop a fraud, and that fraud committed upon a trust

property—would err in refusing to exercise its concurrent jurisdiction with law, and sole jurisdiction of the fraud upon the trust estate; in violation of the rights of the beneficiaries in the trust property. It is a right of litigants to choose that tribunal which can best determine the whole cause, and afford most certain and speedy relief; and a court of equity ought not to compel parties to submit the decision of their rights to a tribunal which does not possess full, adequate, and complete means, within itself, to investigate the merits of the case, and to administer justice. STORY, J., in *Jobey* v. *The County of Bristol*, 3 Story, 821. If there be any one subject in the bill, of which the court has jurisdiction, the bill must be retained. *Rhode Island* v. *Massachusetts*, 12 Peters, 732. A court of equity has jurisdiction to enforce a lien and pledges of personal property. *Block* v. *Brenan*, 5 Dana, 312.

*Fourth.* Complainants have no complete and adequate remedy at law. If they have any rights at law, they can only be enforced through the action of their trustees, who fail to act; and could the trustees be compelled to move in any other method than through an order from chancery? How many suits may be the offspring of this one cause, through the channel of law? The *Cestui* v. *Trustees*, *Trustees* v. *Sheriff*, *Sheriff* v. *Landlord or his indemnifiers*, *Trustees* v. *Landlord*, *Creditors* v. *Debtor*, now insolvent, *Landlord* v. *Turstees*, and so on. These may all grow out of the one cause presented in this bill, and yet the relief be less effectual, inadequate—less direct, certain and complete—than is now within the power of chancery to grant. Justice and equity between the parties to this bill, may fail to be administered, through the multiplicity of suits—through the inefficient power of a court of law to develop fraud, and to take in, at one view, all the rights of parties litigant; through the more exact and rigid rules of evidence, enforced in a court of law, (denying to the plaintiff the right to contradict their witness, should defendants mistake a fact vital to this cause, when placed upon the witness stand by plaintiff); and through the exclusion of

important evidence, if the trustees are prevented from testifying, by being compelled to come forward as plaintiffs in an action at law.   It is well settled that equity will interpose to prevent a multiplicity of suits, to put bounds to vexatious and oppressive litigation ; to restrain the assertion of doubtful rights, in a manner productive of irreparable damage; to prevent injury to third persons, by the assertion of the doubtful titles of others.   Over all these subjects, as well as for the purpose of aiding in the discovery of a fraud, courts of chancery have an original, inherent jurisdiction.   Story's Equity Plea., section 472; *Brady* v. *McCosker*, 1  Comstock, 214 ;  *Morgan et al.* v. *Morgan et al.*, 3 Stewart, 383 ;  *Carroll* v. *Safford*, 3 Howard, 463.

*Fifth.*  Defendants are in possession of certain facts essential to the merits of plaintiff's claim; for, if the instrument sued on by Hudson in his claim for rent against Strasser, was made, (in secret conclave), on or about the third or fourth of June following the execution and recording of complainant's bill of sale, and ante-dated, for the purpose of giving a lien over, or prior to complainant's claim upon said stock; and for the further purpose of holding under that lien, goods sufficient to pay one year's rent, or six hundred dollars, instead of one month's, or a little over one month's rent, those fraudulent acts of defendants are within their exclusive knowledge— the wrong doer seeks concealment— those facts established, as a court of chancery can compel disclosure and establish them, then defendant, Hudson's claim upon said goods by virtue of his attachment, sued out against Strasser, would fall; and chancery, by its order and decree, could restore to the complainants their rights, without being impaired.   This intervention and assistance, complainants may of right claim, and chancery will grant.   Story's Equity, section 71.

*Sixth.*  Defendant, Hudson, through the fraud and collusion of Strasser and himself, have effected a lien at law, which, if perfected by the operation of the judgment at

law, would have an unfair advantage upon the rights of
complainants; the court of law, by enforcing the lien set
up by a fraudulent instrument, made with intent to de-
fraud plaintiffs, becomes an instrument of injustice; and
therefore, it is against conscience, that he should use that
advantage; against conscience, that they (defendants,
Hudson and Strasser), should enjoy the fruit of their fraud,
by collusively using the court of law, and take from
complainants their property or securities obtained. It is
against conscience that they should use an advantage thus
improperly gained, and a court of equity will interfere to
restrain defendants and administer relief. Story's Equity,
217, section 885.

No appearance for the appellee.

STOCKTON, J.—We think the district court was in error,
in sustaining the demurrer and dismissing the bill. The
facts present a proper case for the interposition of a court
of chancery. They show an attempt on the part of the
defendant Hudson, to overreach complainants, by procur-
ing from Strasser a lease ante-dated, with the view of
making the rent of the store-house payable at the com-
mencement of the lease, and thus securing a lien upon the
goods in the store-house, paramount to that of complain-
ants' under the deed of trust. The grounds upon which
complainants ask the interposition of a court of equity,
are: 1. The insolvency of defendant Strasser; 2. The
tender of all the rent due defendant Hudson, for which he
can claim a lien on the goods; and 3. The fraud attempted
to be practiced by Hudson upon the right of complainants,
as beneficiaries under the deed of trust, which, if carried
out by said Hudson to the result of establishing the lien
claimed, and sought to be enforced in the suit for rent
commenced by him against Strasser, will tend to diminish
the fund set apart and conveyed by Strasser for the pay-
ment of their claims, and render the same wholly insuf-
ficient for the object contemplated.

VOL. V.    72

The facts, in our opinion, if established, fully authorize the interposition of a court of equity, to remove any obstacles or hindrances in the way of carrying into effect the trusts contemplated in the conveyance from Strasser to the trustees, for the benefit of complainants. The complainants could not defend the suit of Hudson against Strasser, for the rent. By collusion between them, in the execution of the second lease, as well as in suffering judgment for a greater amount of rent than was actually due, it might be in their power, to fasten a lien upon the goods conveyed to complainants, which the latter could in no other proceeding defeat or prevent.

By taking possession of the store-house, when delivered up by Strasser, in June, Hudson estopped himself from claiming rent from Strasser, for any longer period. By the tender of the rent for the months of May and June, all claim for a lien upon the goods in the store-house, up to the time of the execution of the deed of trust, was extinguished. Hudson might recover a judgment against Strasser, for the whole amount of rent to accrue during the term, or for any other sum that Strasser was willing to submit to. But it does not follow, that he is entitled to a landlord's lien for rent, upon the goods in the store-house for the whole amount of the judgment. He cannot, by procuring the execution of a new lease, and by dating it back to a time prior to the execution of the deed of trust, and by making the rent for the whole term payable in advance, and not by the month, according to the first lease, acquire a lien upon the goods in the store-house for the whole amount of the rent, paramount to that of complainants under the deed of trust. The extent of Hudson's lien, is to be determined by the terms of the first lease, and not by the second. The second lease was a fraud upon complainants, so far as its object or effect was to cut out their lien under the deed of trust.

The lien sought to be established by Hudson under the second lease, by means of the attachment suit against the goods in the store-house, it is proper should be displaced by

the decree of a court of equity. This is a proper subject of chancery jurisdiction. The complainants seek, moreover, the means of more effectually prosecuting their suit, by a discovery on oath from defendants. This is another reason for going into chancery.

If the goods had been conveyed by Strasser directly to complainants, and if the question to be determined were, whether the lien by virtue of the attachment, is superior to that under the deed of trust, the objection that complainants have a plain, adequate and complete remedy at law, would be valid. The complainants are, however, only the beneficiaries under this deed of trust.. The legal title is not in them. The trustees may have refused to institute any suit against the sheriff, to try the right of possession to the goods. In the meantime, they remain in the custody of the law, and the defendant, Hudson, is prosecuting his action to fasten a landlord's lien upon them. Should he succeed in doing so, he succeeds to the injury of complainants, who, as beneficiaries under the deed of trust, find their interests endangered, and the security provided for the payment of their claims, diminished by the alleged collusion and fraudulent acts of defendants.

We think they may seek a remedy in equity. They are entitled to restrain the defendant, Hudson, from disposing of the goods seized under the writ of attachment in his suit for rent, until the question of priority of lien is determined. If the facts alleged in the petition are shown to be true, his lien for rent must yield to the better right of complainants, and the latter will be entitled to have the goods seized, restored to them, or to the trustees, to answer the requirements of the deed of trust.

The judgment of the district court, sustaining the demurrer, and dismissing the complainants' bill, is reversed.